**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DUVINE ERSKINE PRICE                    *

Petitioner                              *

v                                       *          Crim. Case No.:  ELH-13-364
UNITED STATES OF AMERICA                *          (Related Civil No. ELH-16-3523)

Respondents                             *
                                    ***

## MEMORANDUM OPINION

Duvine Price, petitioner, pled guilty on June 19, 2014, to conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846.  ECF 163, ECF 164. On November 4, 2014, this Court sentenced Petitioner to 100 months' imprisonment.  ECF 212, ECF 215, ECF 216.  The Judgment of Conviction was docketed on November 5, 2014.  ECF 215.  Petitioner did not appeal his conviction or his sentence.

On September 6, 2016, Price filed a motion to reduce sentence (ECF 236, "Motion"), pursuant to 18 U.S.C. § 3582(c)(2).  Price claims he is entitled to a reduction in sentence based on revisions to the sentencing guidelines with respect to drug quantity.  *Id.* at 2.  The government opposes the Motion.  ECF 255.

In addition, on October 24, 2016, Price filed a Motion to Vacate, Set Aside, or Correct a Sentence (the "Petition"), pursuant to 28 U.S.C. § 2255.  ECF 244. In his Petition, Price claims he is entitled to relief pursuant to the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  He complains that his sentence was "wrongfully enhanced due to a firearm which was never proven to have been in [his] possession . . . ."  *Id.* at 5.  He also asserts:  "The Residual Clause Has Been Declared Unconstitutional By The Supreme Court of the United States."  *Id.* at 2; *see also id.* at 3, 4.

Thereafter, on November 8, 2016, this court directed the government to respond to the Petition. ECF 247. In its response (ECF 254), the government moved to dismiss the Petition as untimely. Alternatively, it claims the Petition lacks merit. *Id.* Although Petitioner was granted 28 days from the date of the government's response to file a reply (*see* ECF 247), he did not do so.

For the reasons stated below, the Petition and the Motion shall be denied. Moreover, a certificate of appealability shall not issue.

## I.   Motion to Reduce Sentence

In his Motion, Price asserts that he is entitled to a reduction of his sentence "in regards to the drug quantity," and notes that he has completed drug and other programs considered rehabilitation under 18 U.S.C. §3553(a). ECF 236 at 2. Respondent explains, *inter alia*, that petitioner is not entitled to a reduction of his 100 month term of incarceration because at sentencing he received the benefit of the revisions to U.S.S.G. § 2D1.1, as amended by Amendment 782, and made retroactive by U.S.S.G. § 1B1.10(d). ECF 255 at 2. The government also notes that the sentence imposed on Price is "almost three years below the low-end of his guidelines range." *Id.*

As noted, Price entered a plea of guilty on June 19, 2014. ECF 163. His Plea Agreement (ECF 164) provided, in part, *id.* ¶ 7:

> In anticipation of the forthcoming changes to the Drug Quantity Table in the United States Sentencing Guidelines 2D1.1, the United States hereby agrees not to oppose a 2-level downward variance. In exchange, the defendant agrees not to seek a sentence reduction under 18 USC 3582(c)(2) based on the retroactive application of Amendment #3 to the USSG submitted to Congress on April 30, 2014.

The amended guidelines took effect on November 1, 2014, *i.e.*, prior to Price's sentencing on November 4, 2014.   Therefore, at sentencing, the Court calculated Petitioner's offense level under U.S.S.G. § 2D1.1, as revised pursuant to Amendment 782.

In particular, the Plea Agreement contemplated a base offense level of 34.   ECF 164, ¶ 6(B).   But, the Court found a base offense level of 32, pursuant to U.S.S.G. § 2D1.1(c)(3). Thus, Price received the benefit of the amendment at the time of his sentencing.

In addition, in accordance with the Plea Agreement, ¶ 6(B), defendant agreed to a two-level increase to his offense level under U.S.S.G. § 2D1.1(b)(1), because a dangerous weapon was possessed in connection with the offense.[1]   When combined with the other guideline applications, Petitioner's adjusted offense level was 31.[2]   At the established criminal history category of III, this resulted in an advisory sentencing guidelines range for Price of 135 to 168 months.

In the Plea Agreement, the government agreed to recommend a sentence within the advisory sentencing guidelines range.   ECF 164, ¶ 10.   Based upon 18 U.S.C. § 3553(a) factors, however, this Court granted a 35-month variance from the bottom of Petitioner's applicable guidelines range, to a sentence of 100 months.

Petitioner now asks this Court for a reduction that he already received pursuant to the revisions to U.S.S.G § 2D1.1, as amended by Amendment 782 and made retroactive by U.S.S.G. § 1B1.10(d).   Petitioner is not entitled to a sentencing reduction because he was sentenced under

---

[1] The government reserved the right to seek a three-level increase under § 3B1.1, based on defendant's role as an organizer, leader, and manager.

[2] The Plea Agreement, ¶ 6 at 6, reflects that the parties had contemplated an adjusted offense level between 33 and 36.   This supports the claim that the court used the revised guidelines.

the Guidelines as adjusted by Amendment 782.  Moreover, the Court's sentence of 100 months was almost three years below the bottom of the revised guidelines range.

## II.  Motion to Vacate

Section 2255(a) of Title 28 of the United States Code, under which Price filed his Petition, provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

The scope of review of non-constitutional error is more limited than that of constitutional error.  A non-constitutional error provides a basis for collateral attack only when it involves ""a fundamental defect which inherently results in a complete miscarriage of justice"" or is "inconsistent with the rudimentary demands of fair procedure."  *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Under 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ."  *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004).  Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion."  *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993).  On the other hand, a hearing is generally "required when a movant

4

presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).  Nevertheless, in my view, no hearing is necessary to resolve Price's claims.

In his Petition, Price asserts that his sentence was improperly "enhanced due to a firearm which was never proven to have been in the possession of petitioner, nor was any proof presented that petitioner was ever aware that such a firearm existed." ECF 244 at 5.  Price bases his claim for relief on the line of recent cases that addressed the constitutionality of the "residual clause."  *Id*. at 3.  He cites *Johnson*, 135 S. Ct. 2551; *Welch v. United States*, 136 S. Ct. 1257 (2016); *Mathis v. United States*, 136 S. Ct. 2243 (2016); and *Beckles v. United States*, No. 15-8544 (March 14, 2016).  *Id* at 4.  Price does not include a narrative explaining why he thinks these decisions entitle him to the relief he requests, *i.e.*, vacatur of the "unconstitutional enhancement of [his] sentence." *Id*. at 12.

As noted, Price was sentenced on November 4, 2014.  ECF 212.  The Judgment of Conviction was docketed on November 5, 2014.  ECF 215.  Price did not file an appeal.  Thus,

his conviction became final on or about November 19, 2014, which was the last date by which Price could seek appellate review.  *See* Fed. R. App. Proc. 4(b)(1)(A)(i).  Almost two years later, on October 24, 2016, Price filed the Petition under 28 U.S.C. §2255.  ECF 244.

Under the provisions of 28 U.S.C. §2255(f), a one-year limitation period applies to petitions filed under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Upon expiration of the time for filing a Notice of Appeal, Price's conviction became final and the limitations period set forth at 28 U.S.C. § 2255(f) began to run.  *United States v. Clay*, 537 U.S. 522 (2003); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001).  Price's time for filing a Notice of Appeal expired fourteen days after entry of the Judgment.  Fed. R. App. P. 4(b)(1)(A).

As noted, the Judgment was entered in this case on November 5, 2014.  *See* ECF 215. Therefore, the deadline for noting an appeal was Wednesday, November 19, 2014.  As a result, limitations expired one year later.  However, Price did not file his Petition until October 24, 2016.  ECF 244.  On this basis, his Petition is time barred, unless there is a ground for equitable tolling.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also United States v. Oriakhi*, 394 Fed. App'x 976, 977 (4th Cir. 2010).   However, the doctrine is meant to apply only where there are "extraordinary circumstances." *Holland v. Florida*, 560 U.S. 631, 634 (2010).

For relief under a theory of equitable tolling, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).   But, only "'reasonable diligence'" is required. *Holland*, 560 U.S. at 653 (citation omitted).   There is no requirement for "maximum feasible diligence."  (Citations and internal quotations omitted).

Ordinarily, a claim such as ineffective assistance of counsel does not warrant equitable tolling. *See Holland*, 560 U.S. at 651-51; *Harris*, 209 F.3d at 328, 331 (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition).   Nor is a petitioner's lack of familiarity with the law considered an extraordinary circumstance warranting equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255).   Rather, "the one year limitation period is . . . subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the

party.'" *Hill v. Braxton*, 277 F.3d at 704 (citing *Harris*, 209 F.3d at 330.  Generally, there must be evidence of some wrongful conduct by respondent that contributed to the delay in filing or evidence that circumstances beyond the petitioner's control caused the delay, such that "gross injustice would result" in the absence of equitable tolling.  *Harris*, 209 F. 3d at 330.

*Holland*, 560 U.S. 631, is instructive as to equitable tolling in the context of post-conviction matters.  Holland was a death-row inmate who filed a § 2244 federal habeas petition five weeks after the limitations period had passed.  *Id.* at 639.  The limitations clock on Holland's § 2244 petition had been suspended while Holland's attorney pursued post-conviction relief in state court.  *Id.* at 636.  While the state-court petition was pending, communications between Holland and his attorney broke down entirely.  *Id.*  Nevertheless, Holland wrote letters reminding his attorney of the importance of timely filing his § 2244 petition upon resolution of his state-court petition.  *Id.* at 637-38.  Holland also performed legal research and provided his attorney with the relevant limitations dates and deadlines.  *Id.* at 639.  Increasingly distressed by his attorney's performance, Holland twice unsuccessfully asked the Supreme Court of Florida to appoint new counsel for him.  *Id.* at 636-37.  While in the prison library Holland discovered on his own that his state-court petition was unsuccessful in the Supreme Court of Florida, and that the §2244 one-year limitations period had subsequently run.  He filed his own §2244 motion the very next day.  *Id.* at 639.

The Supreme Court observed that the District Court had "rested its ruling . . . on a lack of diligence – a ruling that respondent does not defend." *Id.* at 653.  It concluded that the District Court was "incorrect." *Id.*  It determined that Holland diligently pursued his rights by writing letters to the lower court and to his unresponsive attorney, and by immediately filing his own motion when he became aware of the disposition of his case.  *Id.* at 653.  Nevertheless, the Court

remanded for a determination of whether the facts of the case "constitute[d] extraordinary circumstances sufficient to warrant equitable relief."  *Id.* at 653-54.

To have been timely filed, Price's Petition was due on or before November 19, 2015, or one year from the date his conviction became final.  The Petition was filed more than 11 months later, in October 2016.  ECF 244.  Moreover, analysis of Price's petition under 28 U.S.C. §2255(f)(3), with the operative date being the date of the Supreme Court's decision in *Johnson*, also establishes that it is untimely, as *Johnson* was decided on June 26, 2015, and the instant Petition was filed approximately four months after the expiration of the one year filing deadline for a *Johnson* claim.

In my view, Price has not shown reasonable diligence or that any extraordinary circumstances prevented him from discovering, "through the exercise of due diligence" the basis of his claims.  28 U.S.C. § 2255(f)(4).  Therefore, I conclude that equitable tolling does not apply here.

Even if the Petition were timely filed, there is no merit to Price's claim. Price was sentenced under 21 U.S.C. §846, and was not subject to a sentencing enhancement under the residual clause of 18 U.S.C. §924(e).  *See Johnson*, 135 S.Ct. at 2558.  Price claims his sentence was enhanced due to a firearm that he claims he did not possess and did not know about.  But, the government explains:

> The PSR does indicate a two-level increase to the base offense level for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1).  PSR at ¶ 21.  However, this special offense characteristic increase is not a sentence enhancement as contemplated by *Johnson*.  As discussed above, *Johnson* invalidated the residual clause of the ACCA definition for "violent felony" as unconstitutionally vague.  Section 2D1.1(b)(1) simply states that "[i]f a dangerous weapon was possessed," the base offense level is to be increased by two levels. U.S.S.G. § 2D1.1(b)(1). This section does not require a predicate violent felony or crime of violence nor does it include a residual clause.

ECF 254 at 4; *see also* ECF 164, ¶ 6 ("Advisory Guideline Range").

If the Court did not apply the agreed upon two-level increase to the offense level because of the presence of the firearm, the advisory sentencing guidelines range would have been 108 – 135 months.   Notably, the sentence of 100 months was still below the bottom of that range. Therefore, even if Price's Petition had been timely filed, he does not assert a cognizable claim to relief.

### III.   Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.   *See* 28 U.S.C.§ 2253(c)(2).

A separate Order follows, denying the motion to reduce sentence (ECF 236) and dismissing the Petition to vacate (ECF 244).


<u>March 7, 2017</u>                              _____/s/_____
Date                                              Ellen L. Hollander
                                                  United States District Judge